**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|   |   |
|---|---|
| Robert Anthony Carter,<br><br>    Plaintiff,<br><br>vs.<br><br>Sheriff Joe Arpiao; et al.,<br><br>    Defendants. | No. CV 12-2093-PHX-JAT<br><br>**ORDER** |

Plaintiff has filed a complaint against 12 Defendants and has moved to proceed in forma pauperis. When a plaintiff seeks to proceed in forma pauperis, the Court may screen the complaint. In this case, the Court has concluded that Plaintiff's complaint should be screened pursuant to 28 U.S.C. § 1915(e)(2) before it is allowed to be served.

**I.      In Forma Pauperis Screening**

**A.     28 U.S.C. § 1915(e)(2)**

Congress provided with respect to in forma pauperis cases that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While much of section 1915 outlines how prisoners can file proceedings in forma pauperis, section 1915(e) applies to all in forma pauperis proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)("section 1915(e) applies to all in forma pauperis complaints"). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Id.* Therefore, this court must dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious.

> "[A] complaint, containing both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Furthermore, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or wholly incredible, whether or not there are judicially recognized facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).
> **B.    Rule 8**, **Federal Rules of Civil Procedure**
> A claim must be stated clearly enough to enable a defendant to frame a responsive pleading. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e)(1). A complaint having the factual elements of a cause of action present but scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a). *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).
> In order to assist litigants to understand the Rule 8(e) requirements that averments "be simple, concise, and direct," Rule 84 of the Federal Rules of Civil Procedure provides samples in an Appendix of Forms, which are "intended to indicate the simplicity and brevity of statement which the rules contemplate." *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996). An example is Form 9 (Complaint for Negligence):
>> 1. Allegation of jurisdiction
>> 2. On June 1, 1936, in a public highway called Boylston Street in Boston, Massachusetts, defendant negligently drove a motor vehicle against plaintiff, who was then crossing said highway.
>> 3. As a result plaintiff was thrown down and had his leg broken, and was otherwise injured, was prevented from transacting his business, suffered great pain of body and mind, and incurred expenses for medical attention and hospitalization in the sum of one thousand dollars.
>> 4. Wherefore plaintiff demands judgment against defendant in the sum of ____ dollars and costs.
>> *Id.*
> "This complaint fully sets forth who is being sued, for what relief, and on what theory, with enough detail to guide discovery. It can be read in seconds and answered in minutes." *Id.* In addition, to satisfy Rule 8, each claim must be stated in a separate count. *Bautista v. Los Angeles*, 216 F.3d 837, 840-41 (9th Cir. 2000).

*Kennedy v. Andrews*, 2005 WL 3358205, *2-*3 (D. Ariz. 2005).

In this case, although Plaintiff has not concisely or clearly explained his claims as required by Rule 8, it appears Plaintiff is suing because, following Plaintiff being arrested, he was held on a warrant that he claims was "fraudulent" and "non-existent." Doc. 1 at 5. However, following Plaintiff's recitation of the parties (Doc. 1 at 3), Plaintiff never mentions any of the Defendants again in the complaint, nor explains how any of them are related to him allegedly be held on a "fraudulent" warrant. Accordingly, Plaintiff fails to meet Rule

1  8's pleading standard.

2  Because the complaint is so vague, the Court cannot conclude that any amendment
3  would be futile. Accordingly, the Court will give Plaintiff ONE opportunity to amend.
4  Plaintiff must:

> make clear his allegations in short, plain statements with each claim for relief identified in separate sections. In the amended complaint, Plaintiff must write out the rights he believes were violated, the name of the person who violated the right, exactly what that individual did or failed to do, how the action or inaction of that person is connected to the violation of Plaintiff's rights, and what specific injury Plaintiff suffered because of the other person's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). Each claim of an alleged violation must be set forth in a separate count. Any amended complaint filed by Plaintiff must conform to the requirements of Rules 8(a) and [(d)(1)] of the Federal Rules of Civil Procedure.

*Kennedy*, 2005 WL 3358205, *3 (D. Ariz. 2005).

Further, like the Plaintiff in *Kennedy*,

> **Plaintiff is warned that if he elects to file an amended complaint and if he fails to comply with the Court's instructions explained in this order, the action will be dismissed pursuant to section 28 U.S.C. § 1915(e) and/or Rule 41(b) of the Federal Rules of Civil Procedure.** *See McHenry*, 84 F.3d at 1177 (affirming dismissal with prejudice of prolix, argumentative, and redundant amended complaint that did not comply with Rule 8(a)); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673-74 (9th Cir. 1981)(affirming dismissal of amended complaint that was "equally as verbose, confusing, and conclusory as the initial complaint"); *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir. 1965)(affirming dismissal without leave to amend second complaint that was "so verbose, confused and redundant that its true substance, if any, [was] well disguised").

*Kennedy*, 2005 WL 3358205, *3 (D. Ariz. 2005) (emphasis added).

Finally, the Court notes Plaintiff also filed CV 12-2298-PHX-JAT which this Court has dismissed. The Court further notes that Plaintiff named all of the tribal Defendants in this case in CV 12-2298 as well. All of the reasons that caused the tribal Defendants to be dismissed in that case appear to apply in this case. Therefore, Plaintiff is encouraged, should he choose to amend, to NOT re-name any Defendant who is immune from suit.

Based on the foregoing,

/ / /

/ / /

/ / /

1  **IT IS ORDERED** that Plaintiff shall file an amended complaint within 20 days of the
2  date of this Order or the Court will be dismiss as indicated above.
3  DATED this 2nd day of November, 2012.

_____
James A. Teilborg
United States District Judge

- 4 -